15757

SWEATT *ET AL.* v. MARLBORO COTTON MILLS *ET AL.*

(34 S. E. (2d), 762)

*Messrs. Stevenson & Lindsay,* of Bennettsville, S. C., Counsel for Appellants,

*Messrs. N. W. Edens, G. W. Freeman, Jr., J. E. Dudley,* and *Tison & Miller,* all of Bennettsville, S. C., Counsel for Respondents,

July 24, 1945.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the unanimous Opinion of the Court.

This was a proceeding under the Workmen's Compensation Act, Code 1942, § 7035-1, *et seq.,* initiated by the widow and children of John Sweatt on account of his death, which occurred July 22, 1943. The claim was opposed by Marlboro Cotton Mills, employer, and American Mutual Liability Insurance Company, insurance carrier, who are appealing from the judgment of the Circuit Court affirming an award of the South Carolina Industrial Commission in

favor of the widow, Macie Hendricks Sweatt, and Fannie Sweatt Brigman, a dependent daughter.

The employer and the insurance carrier resisted the claim on the ground that the death of John Sweatt was due to myocarditis and low blood pressure, from which he had been suffering for years. It was contended that the evidence failed to show any injury by accident arising out of and in the course of the employment but on the contrary showed that the employee's death was the natural and inevitable result of his pre-existing diseased condition, and would have occurred regardless of the employment.

For several years, the deceased had been suffering from myocarditis and low blood pressure. Four or five weeks previous to his death he had quit his work at the mill on account of his physical condition, and was resting at home. Two or three weeks of this time, he was confined to his bed. His death occurred on the first day he returned to the mill. He reported for work at 6 o'clock a. m., and suddenly collapsed, and died one hour later. The contention of appellants is that there is no substantial testimony in the record to show that he did any unusual or excessive work in the one hour of his employment on the day of his death.

The award of the hearing commissioner, affirmed by the full commission, was based upon the finding that "on this morning it was extremely hot, and due to one of the machines having caught on fire the night before, the work at this particular time was greater than customary or usual, and required greater exertion and more stooping, the latter being particularly harmful to one in the condition of this employee. The machines had been speeded up, so the usual and customary work was steady and hard. The deceased died on the premises a few minutes after he fell."

The testimony tends to show that a week or two prior to the return of the employee to his work at the mill, the drawing machines had been "speeded up" so as to increase the output; and it is undisputed that one or more of the drawing

frames at which he worked, had been on fire the night before. It appears that he was first engaged in cleaning up one of these machines, which required hard and unusual exertion, necessitating much stooping over and straightening up. After this it may reasonably be inferred, he was engaged in operating one of the drawing frames, but owing to the fact that the machines were being run at a far faster rate than formerly, he was subjected to over-exertion.

One of the witnesses testified that the operating speed of the machines had been increased to such an extent that it required approximately twice as much work on the part of the deceased in operating it. Another witness, who was looking at the deceased when he collapsed, stated that he was "working as hard as he could * * *, going up and down as hard as he could."

Counsel for appellants in their brief, suggest that the expression used by this witness—"going up and down", indicated only that he was proceeding from one end of the drawing frame to the other. But the entire testimony, we think, tends to show to the contrary. The testimony is definite that before the deceased could resume his regular work as a drawing machine operator, he had first to engage in the unusual task of cleaning up the machines which had been on fire. It is also clear that this work of cleaning the drawing frames necessitated much stooping over.

The deceased was a frail man, of sixty-three years of age, and according to the medical testimony had been suffering from low blood pressure and a weakening of the heart muscles, which was described as myocarditis. Dr. Strauss, who attended him prior to his death, had treated this condition by having him rest in bed. He stated that such rest tended to strengthen the heart muscles.

In reply to the question—"If a man who has myocarditis, and while performing manual labor or labor involving the use of his hands, much stooping over, and brisk moving about, doing what is termed ordinary hard work, suddenly

collapses and dies, what in your opinion was the cause of his death?" the doctor answered, "Exertion, the sudden overtaxing of the heart."

Dr. Strauss went on to say that stooping imposed a terrific strain on the heart, and that this continued exertion caused a dilation of the heart, resulting in the death of the employee. He further expressed the opinion that if the deceased had not been subjected to such violent exertion he probably would have lived a normal life; at least he would not have died that day.

In our opinion, this case is controlled by *Green v. City of Bennettsville*, 197 S. C., 313, 15 S. E. (2d), 334. The fact situation in the *Green case* is very similar to the situation here bearing upon the question of undue exertion. In that case there was testimony of over-exertion on the part of a police officer suffering from myocarditis, in making an arrest, which was the proximate cause of his death. It was held under these circumstances that the policeman's death was due to an injury or accident arising out of and in the course of his employment.

The word "accident", frequently the subject of judicial interpretation, has recently been defined by this Court with copious citation of authorities. *Green v. City of Bennettsville,* 197 S. C., 313, 15 S. E. (2d), 334; *Branch v. Pacific Mills,* 205 S. C., 353, 32 S. E. (2d), 1. Many cases are cited showing the right to compensation under our Workmen's Compensation Act for injury, to which the pre-existing physical condition of the employee contributed. See *Cole v. State Highway Department,* 190 S. C., 142, 2 S. E. (2d), 490; *Ferguson v. State Highway Department,* 197 S. C., 520, 15 S. E. (2d), 775; *Cromer v. Newberry Cotton Mills,* 201 S. C., 349, 23 S. E. (2d), 19.

In our opinion, the evidence is sufficient to support the award made by the Industrial Commission, which was affirmed by the Circuit Court.

Judgment affirmed.

Mr. Chief Justice Baker and Messrs. Associate Justices Stukes, Taylor and Oxner concur.