18462

Vernon AMICK, Respondent, v. CITY OF COLUMBIA and State
Workmen's Compensation Fund, Appellants

(146 S. E. (2d) 860)

*Messrs. Daniel R. McLeod, Attorney General,* and *David
Aiken, Assistant Attorney General,* of Columbia, *for Appellants,*

*Messrs. Fulmer, Barnes, Berry & Austin,* of Columbia, *for Respondent,*

February 15, 1966.

LEGGE, Acting Justice.

The South Carolina Industrial Commission denied respondent's claim for medical benefits under workmen's compensation. The circuit court reversed and remanded the case to the Commission; and from that judgment the employer and the carrier have appealed.

Respondent, aged forty-five, a motorcycle officer of the City of Columbia Police Department, sustained a compensable injury to low back and hips on September 22, 1960. He was examined on that day by Dr. Henry Hall, a general practitioner, and hospitalized for about two weeks, during which time he was seen daily by Dr. Hall, but was actually under treatment by Dr. Weston Cook, an orthopedic surgeon. The course of treatment consisted of physical therapy, traction to the low back area, bed rest, medication for pain, and fitting with a canvas belt type of low back support. After his discharge from the hospital Dr. Cook continued to see him with reference to the low back condition until about January 20, 1961, at which time Dr. Cook noted that he was doing much better and had no back pain whatever.

In March, 1961, respondent developed acute pain in the neck and shoulders, for which he was seen by Dr. Hall on March 14, 1961, at the Columbia Hospital, where he remained under treatment by Drs. Hall and Cook until March 25, 1961, when he again returned to duty.

Respondent was seen by Dr. David Holler, an orthepedic surgeon, on February 15, 1962, at which time he was having difficulty with the neck and also with the lower

back and leg. Dr. Holler prescribed no specific treatment at that time; but the patient continued to have trouble and Dr. Holler was called to see him on several occasions thereafter until March 25, 1962, when Dr. Holler hospitalized him for cervical traction and pelvic traction. He remained in the hospital from March 25 to April 1, 1962, and responded to this treatment, and he was still under Dr. Holler's care at the time of the hearing before the Hearing Commissioner on April 13, 1962.

Since the accident of September 22, 1960, and up to the time of the last hearing before the Hearing Commissioner, on July 27, 1962, respondent continued to receive his full salary. No compensable disability is suggested; the claim here is for medical benefits only, *i. e.*: for additional medical care and treatment of back, neck and shoulders, and it is based upon the contention that respondent's condition, resulting from the accident of September 22, 1960, has changed for the worse since his return to work following his hospitalization at that time.

As indicated in the foregoing review of the undisputed facts, respondent's medical history subsequent to the accident of September 22, 1960, falls into three distinct phases as to time, as follows: (1) September 22, 1960-January 20, 1961; (2) March 14-25, 1961; and (3) February 15-April 13, 1962 (date of hearing at which Dr. Holler testified). It is also concerned with two distinct phases as to physical condition: (1) low back and leg; and (2) neck and shoulders Respondent contends, and testified, that his present neck and shoulder trouble, as well as his present low back and leg trouble, resulted from the accident.

Both Dr. Hall and Dr. Cook attended respondent during the first two time phrases before mentioned, *i. e.*: the periods September 22, 1960-January 20, 1961, and March 14-25, 1961. They both testified that during the first of these periods he made no complaint about his neck or shoulders; neither had any recollection or notation of any complaint concerning

that area prior to March 14, 1961. Both testified that the complaint during the second period, March 14-25, 1961, was concerned only with the neck and shoulders; that the treatment during that period related only to that area; and that in their opinion the neck and shoulder trouble was not the result of the injury of September 22, 1960. Neither of them attended respondent after March 25, 1961.

During the third period, February 15-April 13, 1962, Dr. Holler alone attended respondent, and his is the only medical testimony relating to that period. He testified that from his examination of respondent he was of the opinion that the neck trouble involved a cervical disc, that the low back trouble was "a disc-type picture involving the left and back"; that although respondent had responded to cervical and pelvic traction he was, as of the date of the hearing, April 13, 1962, still having recurrent pain in both neck and low back; that in all likelihood he would continue to have difficulty for some time; and that surgery at a later date might be required to correct the disc involvement. Dr. Holler testified that in his opinion both the back trouble and the neck condition were the result of the injury of September 22, 1960.

In his "Decision and Order", filed October 1, 1962, the Hearing Commissioner concludes his review of the testimony with the following statement:

"The weight of the evidence shows that the employee's neck and shoulder symptoms did not result from his work injury of September 22, 1960, but that *his low back pain, with radiation to his left leg, is the result of that injury.*" (Italics ours.)

This statement is immediately followed by the Hearing Commissioner's formal "Finding of Fact", "Conclusions of Law", and "Order", which we quote in full:

*"Findings of Fact*

"1. That the employee did not undergo a change of phyical condition for the worse; and that his neck and shoulder

pain and stiffness is not the result of the work injury of September 22, 1960.

"Upon the foregoing Findings of Fact, and under the Code of Laws of South Carolina, 1952, Title 72, are the following:

*"Conclusions of Law*

"1. According to Section 72-359 and Section 72-305, the employee has not undergone a change of physical condition of his injury entitling him to additional medical benefits.

*"Order*

"It is ordered that the claim of the employee, Vernon Amick, for additional medical benefits for neck and shoulder pain and stiffness, be, and it hereby is, denied, and the case is dismissed."

The "Opinion and Award" of the Commission, after reciting the "Order" of the Hearing Commissioner quoted above, and the claimant's application for review, proceeds in the following words:

"A Review was held in Columbia, South Carolina, on December 20, 1962, and the Full Commission, after hearing able arguments of counsel for both parties in interest, and after careful consideration of all the evidence in the case, is of the opinion that the Hearing Commissioner was correct in his Findings of Fact and Conclusions of Law, and therefore hereby sustains his Decision and Order in its entirety, and adopts his Findings and Conclusions of Law, as stated in the original Decision and Order.

*"Award*

"The Award of the Single Commissioner filed October 1, 1962, is hereby affirmed by the Full Commission and same shall constitute the Opinion and Award of the Full Commission."

It is apparent from the testimony before the Hearing Commissioner, as we have attempted to analyze it, that on the issue of whether respondent's neck and

shoulder trouble resulted from the injury of September 22, 1960, the evidence was conflicting. The Commission's affirmance of the Hearing Commissioner's decision against the respondent on that issue is therefore conclusive. *Black v. Barnwell County,* 243 S. C. 531, 134 S. E. (2d) 753.

It is equally clear, on the issue of change of condition with regard to respondent's low back and left leg, that the only evidence is that since his treatment by Doctors Hall and Cook during the period September 22, 1960-January 20, 1961, and his return to duty thereafter free from pain, there has been a recurrence of that ailment, continuing up to the time of the hearing on April 13, 1962, and likely to continue for some time thereafter. A contrary finding would be wholly lacking in evidentiary support. That the Hearing Commissioner intended to resolve that the issue in respondent's favor would seem implicit in his statement hereinbefore quoted, which however is squarely contradicted by his "Order", affirmed and adopted by the Commission, dismissing respondent's claim *in toto.* In his order under appeal Judge Singletary, pointing out this inconsistency between the findings and the order of the Commission, reversed the latter insofar as it held that the respondent had not undergone a change of physical condition affecting his low back and left leg entitling him to additional medical benefits, and remanded the case to the Commission for further action accordingly. His judgment, in our opinion, was correct; it is affirmed, and the cause is remanded for further proceedings consistent with it.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.