THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Thomas D. Jordan, Respondent,
 
 
 

v.

 
 
 
 Kelly Co, Inc., Employer/Appellant
 
 
 

&

 
 
 
 Zenith Insurance Company, Carrier/Appellant.
 
 
 

Appeal From Horry County
 B. Hicks Harwell, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-010
Heard November 6, 2006  Filed January 11, 2007

REVERSED

 
 
 
 Edwin P. Martin, Jr., of Columbia, for Appellants.
 David James Canty and James L. Hills, both of Myrtle Beach, for Respondent.
 
 
 

PER CURIAM: Kelly Co, Inc. and their workers compensation carrier Zenith Insurance Company (Appellants) claim the circuit court erred in holding the South Carolina Workers Compensation Commissions (the Commission)  findings were not supported by substantial evidence and therefore reversing the Commissions order.  We agree.  
FACTS
Thomas Jordan (Jordan) was employed as a long haul truck driver by Kelly Co, Inc. (Kelly Co).  Kelly Co. is a trucking company which specializes in transporting oversized equipment.  Jordan suffered a heart attack on January 11, 2003, during one of his trips for Kelly Co.  Jordan claims the heart attack was proximately caused by unexpected strain or over-exertion in the performance of the duties of his employment or by the unusual and extraordinary conditions of this particular trip.  
Jordan testified that he was sent to Virginia to pick up a large piece of equipment and haul it to Texas.  Jordan claims he was told by the Kelly Co dispatcher that the load had to be in Houston before five oclock on Friday afternoon and that later this deadline was pushed back to noon on Saturday.  It is undisputed that when he arrived in Virginia at the pickup location, the load was not ready to be picked up, and this delayed his departure by seven hours.  Due to the size of the equipment, Jordan could only travel with special permits issued by each state he was passing through.  These permits controlled the routes and times drivers could haul oversized loads through each state, and hauling an oversized load in a state without a permit would be illegal.  Jordan claims that when he started hauling the load in Virginia, he had not yet received the Virginia permit.  It is undisputed that when Jordan arrived in Houston, part of the specified route was closed due to construction, and he continued through downtown without an escort.  During his travels from Virginia to Texas, Jordan started to experience symptoms later associated with a heart attack, and he suffered a heart attack after he delivered the load on Saturday.           
Jordan sought workers compensation benefits claiming the heart attack was proximately caused by stress from the deadline imposed for delivery, having to drive without a permit, and having to deviate from a specified route in a heavily congested area.  Jordans claims were heard by the Single Commissioner on June 21, 2004.  On October 29, 2004, the Commissioner issued an order finding Jordan had suffered a compensable heart attack, awarding him temporary total compensation beginning on February 3, 2003, and holding the appellants responsible for payment of his past medical expenses and future medical care until he reaches maximum medical improvement.  On November 12, 2004, Appellants filed an application for appellate review.
The full commission heard the appeal on February 24, 2005.  By order issued on March 23, 2005, the Commission found that despite the difficulties Jordan encountered on the day of heart attack, the heart attack was not compensable because he was performing his regular job duties in the ordinary and normal manner without being subjected to unusual or extraordinary conditions.  Therefore, the Commission reversed the single commissioners order.  Jordan filed an appeal on April 22, 2005.  
The circuit court held an appellate hearing on September, 23, 2005.  By order issued October 19, 2005, the circuit court reversed the full commission and reinstated the single commissioners order.  This appeal follows.
STANDARD OF REVIEW
The Administrative Procedures Act establishes the standard of review for decisions by the Workers Compensation Commission.  S.C.Code Ann.   §1-23-380 (2005); Lark v. Bi-Lo, Inc., 276 S.C. 130, 132, 276 S.E.2d 304, 305 (1981).  The appellate courts review is limited to deciding whether the commissions decision is unsupported by substantial evidence or is controlled by some error of law.  Hendricks v. Pickens County, 335 S.C. 405, 411, 517 S.E.2d 698, 701 (Ct. App. 1999).  Substantial evidence is not a mere scintilla of evidence nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action.  Miller by Miller v. State Roofing Co., 312 S.C. 452, 454, 441 S.E.2d 323, 324-25 (1994) (quoting Lark v. Bi-Lo, Inc., 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981)). 
A judgment upon which reasonable men might differ will not be set aside.  Todds Ice Cream, Inc. v. South Carolina Employment Sec. Commn, 281 S.C. 254, 258, 315 S.E.2d 373, 375 (Ct. App. 1984).  The final determination of witness credibility and the weight to be accorded evidence is reserved to the Commission.  Ross v. American Red Cross, 298 S.C. 490, 492, 381 S.E.2d 728, 730 (1989).  The reviewing court may not substitute its judgment for that of the [Commission] as to the weight of the evidence on questions of fact. S.C. Code Ann. § 1-23-380(6) (2005).  Where there is a conflict in the evidence, either of different witnesses or of the same witnesses, the findings of fact of the Commission as triers of fact are conclusive.   Hoxit v. Michelin Tire Corp., 304 S.C. 461, 465, 405 S.E.2d 407, 409 (1991).  
LAW/ANALYSIS
Appellants claim the circuit court erred in holding the Commissions findings were not supported by substantial evidence and therefore reversing the Commissions order.  We agree.
Heart attacks are compensable as an accident if induced by unexpected strain or over-exertion in the performance of the duties of employment or by unusual and extraordinary conditions in the employment.  Green v. City of Bennettsville, 197 S.C. 313, 15 S.E.2d 334 (1941).  This is true even though preexisting conditions may have been a contributing factor.  Sweatt v. Marlboro Cotton Mills, 206 S.C. 476, 34 S.E.2d 762 (1945).  However, heart attacks resulting from the ordinary exertion that is required in the performance of the duties of the employment in the ordinary and usual manner, and without any outward untoward event, are not compensable as an accident.  Rivers v. V. P. Loftis Co., 214 S.C. 162, 51 S.E.2d 510 (1949); Sims v. South Carolina State Commission of Forestry, 235 S.C. 1, 109 S.E.2d 701 (1959).
Given the limited review allowed in cases arising from administrative agencies, the circuit court should have only reversed the full commission if the record lacked substantial evidence to support the commissions findings.  Therefore, if after considering the record as a whole we find a reasonable mind could have reached the same conclusion as the full commission, we must reverse the circuit court and reinstate the commissions order.
Daniel Kelly, Kelly Cos owner and a truck driver, and Rick Young, a Kelly Co driver, both testified that as there were no deadlines for delivery of oversized loads due to the restrictions imposed in the permitting processes and the unpredictability of circumstances.  Kelly also stated that even though he had made a loose commitment to deliver the equipment in Texas on Friday, the commitment was void when the shipper failed to have the goods ready for pickup at the specified time.  Kelly gave a description of the process Kelly Co used to obtain permits and testified that Jordan had the Virginia permits when he left the pickup location.  Furthermore, Jordan testified that occasionally he would start his trips without the required permits and later stop at a truck stop and have the permits faxed to him.  Finally, Young testified that deviating from a specified route due to road construction was not unusual.
Given the testimony in the record, a reasonable mind could find the conditions and stress that Jordan experienced on this particular trip were the normal, ordinary conditions of his employment.  Therefore, there is substantial evidence in the record to support the Commissions finding that Jordans heart attack was caused by ordinary exertion that is required in the performance of his employment duties in the ordinary and usual manner, without any outward untoward event, and is not compensable as an accident. See Rivers v. V. P. Loftis Co., 214 S.C. 162, 51 S.E.2d 510 (1949).  Accordingly, the order of the circuit court is 
REVERSED. 
GOOLSBY, STILWELL, and SHORT, JJ., concur.