THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Thomas J.
 Owens, Jr., Employee, Appellant,
 
 
 

v.

 
 
 
 Thompson
 Construction Group, Inc., Employer, and New Hampshire Insurance Company,
 Carrier, c/o Gallagher Bassett Services, Respondents.
 
 
 

Appeal from the Appellate Panel 

Unpublished Opinion No. 2011-UP-530
 Submitted November 1, 2011  Filed
December 2, 2011    

AFFIRMED

 
 
 
 Stephen J. Wukela, of Florence, for
 Appellant.
 M. Chad Abramson, Weston Adams, III, and Helen
 F. Hiser, all of Columbia, for Respondents.
 
 
 

PER CURIAM:  Thomas
 J. Owens appeals the denial of his workers' compensation claim by the Appellate Panel of the
 South Carolina Workers' Compensation Commission (the Appellate Panel), arguing
 the Appellate Panel erred in finding he did not suffer a compensable injury
 arising out of and in the course of his employment.  Specifically, Owens
 contends his injury was compensable because it resulted from unusual or
 excessive exertion caused by rapidly ascending one hundred feet of stairs in
 approximately two and a half minutes during the heat of the day.  We affirm.[1]
An employee may receive
 workers' compensation benefits for an injury "arising out of and in the
 course of employment."  S.C. Code Ann. § 42-1-160(A) (Supp. 2010).  However, heart attacks "arising
 out of and in the course of employment unaccompanied by physical injury are not
 considered compensable if they result from any event or series of events which
 are incidental to normal employer/employee relations . . . , except when these
 actions are taken in an extraordinary and unusual manner."  S.C. Code Ann.  § 42-1-160(C) (Supp. 2010); see also Black v.
 Barnwell Cnty., 243 S.C. 531, 535, 134 S.E.2d 753, 755 (1964) ("The
 general rule has been adopted in this State that a coronary attack suffered by
 an employee constitutes a compensable accident . . . if it is induced by
 unexpected strain or over-exertion in the performance of the duties of his
 employment, or by unusual and extraordinary conditions in the employment.").  In
 order to prove a heart attack occurring at work constitutes a compensable
 injury, the claimant must show (1) the employee's exertion during the
 performance of his duties at work was unusual and extraordinary and (2) a
 causal connection existed between the exertion during his employment and the
 heart attack.  Black, 243 S.C. at 535-36, 134 S.E.2d at 755.  "If the
 evidence was conflicting upon these issues, or either of them, such conflicts
 in the evidence could only be resolved by the [Appellate Panel], the
 fact-finding body."  Id. at 536, 134 S.E.2d at 755.
We find substantial evidence
 supports the Appellate Panel's finding that Owens did not suffer a compensable
 injury arising out of and in the course of his employment.  See S.C.
 Code Ann. § 1-23-380(5)(e) (Supp. 2010) (providing this court must affirm a
 decision of the Appellate Panel if it is supported by substantial evidence).   Furthermore,
 we defer to the Appellate Panel's finding that Owens died of a cardiac arrhythmia and
 due to natural causes.  See Lockridge
 v. Santens of Am., Inc., 344 S.C.
 511, 518-19, 544 S.E.2d 842, 846 (Ct. App. 2001). (noting "[t]he final determination of witness credibility and
 the weight to be accorded evidence is reserved to the [Appellate Panel]" and
 finding "expert medical testimony is designed to aid the
 [Appellate Panel] in coming to the correct conclusion; therefore, the
 [Appellate Panel] determines the weight and credit to be given to the expert
 testimony" (internal quotation marks
 omitted)).
AFFIRMED.
SHORT,
 WILLIAMS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.