**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Roger Dale Kelley, deceased, Employee, Appellant,

v.

The Kroger Company, Employer, and The Kroger Co. c/o Sedgwick CMS, Carrier, Respondents.

Appellate Case No. 2013-001324

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2015-UP-258
Heard April 15, 2015 – Filed May 20, 2015

**AFFIRMED**

Lola Stradford Richey, of Richey & Richey, PA, of Greenville, for Appellant.

M. Chad Abramson and Weston Adams III, both of McAngus Goudelock & Courie, LLC, of Columbia, and Helen Faith Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondents.

**PER CURIAM:** In this workers' compensation action, Lynn Kelley argues the Appellate Panel of the Workers' Compensation Commission (Appellate Panel)

erred in (1) applying the incorrect standard in determining whether her husband, Roger Kelley, was subjected to unusual and extraordinary exertion in the course of employment or to unusual or extraordinary conditions of employment and (2) finding she presented no evidence the heat and the work environment contributed to his fatal heart attack. We affirm pursuant to Rule 220(b) and the following authorities: *Black v. Barnwell Cnty.*, 243 S.C. 531, 535-36, 134 S.E.2d 753, 755 (1964) (holding a heart attack is compensable if the employee was subjected to either unusual or extraordinary exertion or strain in the course of the employment or to unusual and extraordinary conditions of employment and the employee's heart attack is causally connected to the unusual and extraordinary conditions or exertion); *Frame v. Resort Servs. Inc.*, 357 S.C. 520, 527, 593 S.E.2d 491, 494 (Ct. App. 2004) (holding the substantial evidence rule governs the standard of review in a workers' compensation decision); *Shuler v. Gregory Elec.*, 366 S.C. 435, 440, 622 S.E.2d 569, 571 (Ct. App. 2005) (stating the Appellate Panel's decision must be affirmed if substantial evidence in the record supports it); *Stone v. Traylor Bros.*, 360 S.C. 271, 274, 600 S.E.2d 551, 552 (Ct. App. 2004) (noting this court may reverse when the decision is affected by an error of law); *Ross v. Am. Red Cross*, 298 S.C. 490, 492, 381 S.E.2d 728, 729-30 (1989) (stating the Appellate Panel is the ultimate fact finder in workers' compensation cases); *Sharpe v. Case Produce, Inc.*, 336 S.C. 154, 160, 519 S.E.2d 102, 105 (1999) ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent the [Appellate Panel's] finding from being supported by substantial evidence."); *Anderson v. Baptist Med. Ctr.*, 343 S.C. 487, 492-93, 541 S.E.2d 526, 528 (2001) (holding the factual findings of the Appellate Panel are conclusive when the evidence conflicts, either by different witnesses or the testimony of the same witness).

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

**AFFIRMED.**