18092

SOUTH CAROLINA INDUSTRIAL COMMISSION, Respondent, v. PROGRESSIVE LIFE INSURANCE COMPANY, Appellant.

(131 S. E. (2d) 694)

</div>

548

*Joseph L. Nettles, Esq.,* of Columbia, *for Appellant,*

*Messrs Daniel R. McLeod, Attorney General, David Aiken, Assistant Attorney General, Edward E. Saleeby* and *Isadore E. Lourie*, of Columbia, *for Respondent,*

July 8, 1963.

TAYLOR, Chief Justice.

This appeal is from an Order of the Honorable John Grimball, dated May 17, 1962, affirming an Order of the Industrial Commission holding that Appellant, Progressive Life Insurance Co., is subject to the Workmen's Compensation Act.

On March 27, 1957, the South Carolina Industrial Commission ordered Progressive Life Insurance Company to show cause why it should not be required to conform to the

provisions of the South Carolina Workmen's Compensation Act. Pursuant thereto, a hearing was held; and Appellant took the position that it was not subject to the Workmen's Compensation Act because it does not have 15 or more employees within the terms of the Act. Determination of this issue depends upon whether certain agents are to be termed employees. If such agents are to be classed as employees, then Progressive does have 15 or more employees and is subject to the provisions of the Act. The Single Commissioner, and the Full Commission upon review, found that Progressive does have more than 15 employees. Appeal was duly taken to the Court of Common Pleas for Richland County where the Honorable John Grimball, on May 17, 1962, affirmed the Order of the Commission; and Appellant, Progressive Life Insurance Company, now appeals to this Court, presenting the sole question of whether such agents are properly classed as employees or independent contractors.

The test in determining whether or not these agents are to be classed as employees or independent contractors and thereby exempt from the provisions of the Act is one of control. "[R]ight or power of control retained by the person for whom the work is being done is uniformly regarded as the essential criterion for determining whether the workman is an employee or an independent contractor." *DeBerry v. Coker Freight Lines,* 234 S. C. 304, 108 S. E. (2d) 114; and "* * * the principal factors showing right of control are: (1) direct evidence of right or exercise of control; (2) method of payment; (3) the furnishing of equipment, and (4) the right to fire." 1 Larson's Workmen's Compensation Law 44.00, p. 637.

These agents received a guaranteed minimum wage of $35.00 weekly, plus commissions on sales. They had a minimum quota which they were to meet by the end of each week. With the exception of their automobiles, these agents were furnished supplies, which included all forms or records, rate scales, policies, lapse schedule, and instruction manual. They were given certain territories with-

in which to work and were under the constant supervision of their employer, their duties being to sell insurance and collect premiums which is the principal part of the Company's regular business. They were required to file Form W-2 for the purpose of deducting withholding taxes, etc. The Company withheld from their paychecks premiums for group hospitalization insurance, they being designated in the Certificate thereof as employees of Appellant. All premiums collected were remitted promptly in accordance with the Company's rules, and they were personally responsible for all monies passing through their hands. The Company paid all licenses, taxes, and fees charged by the State or Municipalities except the professional taxes in any territory covered under their agreement.

Paragraph 15 of the Agreement provided: "That his appointment as Agent, and this agreement, as well as the duties and emoluments thereunder, may be revoked, terminated, changed or modified from time to time, by the Company in its discretion, or at its pleasure, with or without cause, without notice, and without any liability therefor on the part of the Company to him." The power to discharge or fire at will rested in the Company. 'The power to fire is the power to control. The absolute power to terminate the relationship without liability is not consistent with the concept of independent contract, under which the contractor should have the legal right to complete the project contracted for and to treat any attempt o prevent completion as a breach of contract." 1 Larson's Workmen's Compensation Law, 44.35, p. 654.

The facts in this case are strikingly similar to those in *Carter's Dependents v. Palmetto State Life Insurance Co. et al.*, 209 S. C. 67, 38 S. E. (2d) 905; and the principles enunciated therein are controlling here.

For the reasons heretofore stated, we are of opinion that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.