19202

Earl CHAVIS, Respondent, v. John T. WATKINS, d/b/a Watkins Construction Company and Fidelity & Casualty Company, Appellants

(180 S. E. (2d) 648)

*Messrs. Fulmer, Berry & Alford,* of Columbia, *for Appellants,*

*J. Wesley Drawdy, Esq.,* of Columbia, *for Respondent,*

April 13, 1971.

BRAILSFORD, Justice:

This workmen's compensation case presents the single issue of whether the claimant, Earl Chavis, was an employee

of Watkins Construction Company, a sole proprietorship of John. T. Watkins, at the time Chavis was injured. The Industrial Commission, reversing its hearing commissioner, concluded that Chavis was an employee. The circuit court affirmed. Since the issue is jurisdictional, the Commission's conclusion is subject to judicial review even though supported by evidence. *Marlow v. E. L. Jones & Son, Inc.,* 248 S. C. 568, 151 S. E. (2d) 747 (1966). The burden rests on the appellants to show that the circuit court's decision is against the preponderance of the evidence. *Tharpe v. G. E. Moore Co.,* 254 S. C. 196, 174 S. E. (2d) 397 (1970).

Appellants first contend that Chavis was an independent contractor rather than an employee. Resolution of this question depends on "(t)he general test * * * of control by the employer. It is not the actual control then exercised, but whether there exists the right and authority to control and direct the particular work or undertaking, as to the manner or means of its accomplishment. 'An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods, without being subject to the control of his employer except as to the result of his work'." *Bates v. Legette,* 239 S. C. 25, 34-35, 121 S. E. (2d) 289, 293 (1961).

This court, like most, has recognized four factors bearing on the crucial right of control. These are (1) direct evidence of the right to, or exercise of, control, (2) method of payment, (3) furnishing of equipment, and (4) right to fire. *Tharpe v. G. E. Moore Co.,* 254 S. C. 196, 200, 174 S. E. (2d) 397, 399 (1970); *South Carolina Industrial Commission v. Progressive Life Ins. Co.,* 242 S. C. 547, 550, 131 S. E. (2d) 694, 695 (1963); 1A Larson, Workmen's Compensation Law, Sec. 44.30-35 (1967). The record is examined with these factors in mind.

Chavis, a house painter, was injured while helping to renovate a newly purchased parsonage belonging to a Columbia church. Chavis was working there at the

instance of Watkins, who was chairman of the church property committee. For two or three years before the injury, Chavis had done painting work from time to time on jobs for which Watkins was the contractor. He was paid on an hourly basis and was authorized to hire others to aid him in painting. The practice was for Chavis to report to Watkins the total hours worked by the painters, including himself, each week. Watkins would issue to Chavis a check for an amount, equal to three dollars times the total hours worked. Watkins testified that the going rate for painters was less than three dollars. Inferentially from his testimony, he intended for the overage to compensate Chavis for the use of his truck and some other equipment. He disclaimed any knowledge of the division Chavis made of the weekly paychecks. Chavis testified that he and the other painters received the same hourly pay. Two painters who assisted him on the parsonage testified that after Chavis was injured they completed the job alone, receiving their pay directly from Watkins inferentially, at three dollars per hour.

. Chavis and Watkins both testified that Chavis was paid on an hourly basis instead of by the job because, as Watkins put it, "you can't tell exactly what (the customers) want to start with. I mean they don't know and you can't give (them) a price on it." In this connection it is significant that, describing his working arrangement with certain carpenters, Watkins himself characterized the import of payment by the hour as opposed to a fixed sum: "I subbed some of the work to them and I worked some of 'em by the hour."

The conclusion of the circuit judge and the Industrial Commission that Chavis performed work on the parsonage as an employee, not an independent contractor, is supported by the preponderance of the evidence. Although the parties disagreed on whose obligation it was to furnish needed equipment, it is undisputed that Watkins paid for the paint. Chavis received an hourly wage for his labor, the same as the other members of his crew. Each job was subject to change during its execution according to the customer's wishes which, in-

ferentially, were communicated to Watkins, who thereupon gave appropriate instructions to Chavis, with which the latter was obligated to comply. The evidence indicates that Chavis was an employee-foreman, authorized to hire and pay the members of his crew, rather than an independent contractor.

Appellants next contend that even if Chavis was an employee at the time of injury, the church, not Watkins, was his employer. This argument springs from evidence that Watkins merely cordinated the work as chairman of the property committee, and was not engaged as a builder on this job. However, Watkins does not claim to have informed Chavis that the church was his employer, and Chavis disclaims any knowledge that Watkins had stepped out of the role in which he customarily did business as Watkins Construction Company.

Unless Chavis knew of and agreed to a new employer-employee relationship, replacing the one theretofore existing with Watkins, his rights under the Workmen's Compensation Act against his regular employer were unabridged. *Addison v. Dixie Chevrolet Co.*, 246 S. C. 86, 142 S. E. (2d) 442 (1965). " 'Employment, like any other contract, presupposes understanding. The new relation cannot be thrust upon the servant without knowledge or consent'." *Holloway v. G. O. Cooley & Sons*, 208 S. C. 234, 243, 37 S. E. (2d) 666, 670 (1946). The burden rested upon the appellants to show that a change in the identity of his employer was made known to Chavis. See 1A Larson, Workmen's Compensation Law, Sec. 48.10 (1967) ; 1 Schneider, Workmen's Compensation Text, Sec. 232 (1941) ; 99 C. J. S. Workmen's Compensation § 39 b (1958). Clearly, the asserted substitution of employers was not brought home to the respondent.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.