20046

Walter L. CANADY, Respondent, v. CHARLESTON COUNTY SCHOOL DISTRICT, and State Workmen's Compensation Fund, Appellants.

(216 S. E. (2d) 755)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Hardwock Stuart, Jr., Asst. Atty. Gen.,* of Columbia, *for Appellants,*

*Arnold S. Goodstein, Esq.,* of Charleston, *for Respondent,*

June 24, 1975.

*Per Curiam:*

This case is before us on appeal from the order of The Honorable J. A. Spruill, Jr., Presiding Judge of the Court of Common Pleas for Charleston County. We are of the opinion that his order properly sets forth and disposes of all the issues on appeal to this Court. Let his order be printed as the directive of this Court.

Affirmed.

## ORDER OF JUDGE SPRUILL

This is an appeal from an award of the South Carolina Industrial Commission. The claimant was awarded temporary total disability compensation by Commissioner T. M. Nelson who found as a fact that the claimant overexerted himself in the performance of his duties thereby producing "unusual strain" causing a heart attack, and that this attack arose out of and in the course of his employment as a janitor with the Charleston County School District. The Commissioner based his opinion on the testimony of two doctors and found that the heart attack of the claimant was induced by unexpected strain and overexertion in the performance of the duties of his employment. The testimony showed that, in addition to his normal janitorial duties, he had for some time preceding his attack been required to work two nights a week in connection with a night school being held at the public school building at which he was employed and likewise to climb stairs in connection with this extra duty.

The Full Commission, with one Commissioner dissenting, affirmed the opinion and the award of the Hearing Commissioner.

The general rule has been adopted in this State that a coronary attack suffered by an employee constitutes a compensable accident within the meaning of the Workmen's Compensation Act if it is induced by unexpected strain or overexertion in the performance of the duties of his employment, or by unusual and extraordinary conditions in the employment. *Kearse v. South Carolina Wildlife Resources Department,* 236 S. C. 540, 115 S. E. (2d) 183 (1960).

Counsel for the appellant insists that this Court is not bound by the factual finding of the Commission even though there is competent evidence to sustain it. Counsel would bring the instant case under the rule enunciated in *White v. J. T. Strahan Company,* 244 S. C. 120, 135 S. E.

(2d) 720, where the following appears in the opinion of the Court:

"Ordinarily, findings of fact by the Industrial Commission based upon competent evidence are conclusive on appeal but in determining whether or not the commission had jurisdiction of the claim presented, this Court is not bound by a finding of fact by the commission. This Court, and the Circuit Court, has both the power and duty to review the entire record and find therefrom the jurisdictional facts, without regard to the conclusion of the commission on such issue, and will decide the jurisdictional question in accord with the preponderance of the evidence."

Counsel for the claimant insists that the Court is ██ bound by the factual finding of the Commission in the instant case if there is competent evidence to support it. The writer agrees.

*White* was an unusual case in that the deceased had been killed by an accident while he was delivering logs to Brunson Lumber Company. The claim of his dependents was against the Strahan Company which was a dealer in pulpwood and the question was as to whether he could recover against that company and its compensation insurance carrier.

It appears to the writer that *White* is readily distinguishable and that the instant case is governed by *Black v. Barnwell County*, 243 S. C. 531, 134 S. E. (2d) 753, which was a claim for benefits due to death by heart attack allegedly induced by unusual exertions in the course of the employment of the deceased as sheriff and jailor of Barnwell County.

In *Black* the Circuit Court reversed the finding of the Full Comission that the deceased did not sustain any injury arising out of and in the course of his employment. On appeal this was reversed with one Justice dissenting. Incidentally, the dissent was predicated largely on the grounds

that the Hearing Commissioner and the Full Commission had not made the factual finding on the basis of which the majority of the Court reversed. The Court stated the question before it as follows:

"The question to be decided is whether there was any competent evidence to sustain the findings of the Commission that the heart attack suffered by the deceased was not a compensable accident within the meaning of the Workmen's Compensation Act."

The following is quoted from the opinion of Mr. Justice Lewis in *Black*:

"Citation of authority is unnecessary for the settled rule that in Workmen's Compensation cases the Industrial Commission is the fact-finding body; and that, on appeal, this Court and the circuit court are limited in their review of the facts to a determination of whether or not there is any competent evidence to support the factual findings of the Commission. When there is a conflict in the evidence, either of different witnesses or of the same witness, the findings of fact of the Commission are conclusive. It is only when the evidence gives rise to but one reasonable inference that the question becomes one of law for the court to decide. "To establish that the death of Sheriff Black resulted from a compensable accident, it was necessary for the claimant to prove (1) a causal connection between the climbing of the stairs and the heart attack from which the deceased died and (2) that the climbing of the stairs constituted an unusual and extraordinary exertion on his part. If the evidence was conflicting upon these issues, or either of them, such conflicts in the evidence could only be resolved by the Industrial Commission, the fact-finding body.

"Whether climbing the stairs by the deceased on the occasion in question constituted an unusual or extraordinary exertion must be determined in the light of his usual and normal duties as jailor of Barnwell County. *Sims v. South Carolina State Commission of Forestry, supra,* 235 S. C. 1,

109 S. E. (2d) 701. The deceased was jailor of Barnwell County and was responsible for the performance of the duties of the office. These duties included caring for the prisoners lodged in the jail and required the use of the stairway in administering to their needs. While there is testimony that the deceased had restricted his climbing of the stairway because of his previous coronary attacks, there is testimony that he did climb the stairs on occasions in the performance of his duties and that he alone determined the necessity for so doing. It is reasonably inferable from all of the facts and circumstances that the deceased in climbing the stairs was about the normal and usual duties of his employment as jailor and that such activity did not constitute unusual and extraordinary exertion. We may concede that the opposite inference might also be reasonably drawn from the evidence. This, however, simply emphasizes the fact that conflicting inferences may be reached from the evidence, which makes the findings of the Commission thereabout binding on this Court and the circuit court on appeal."

Counsel for appellants argues that it is a jurisdictional question as to whether a claimant has suffered an accident in the scope and course of his employment. The writer, however, is of the opinion that there are two facets to this question. The question of employment is jurisdictional. However, the question as to whether there has or has not been an accident is factual and does not go to the question of jurisdiction.

In the opinion of the writer, the appeal of the Charleston County School District and the State Fund should be dismissed and

It is so ordereed.