21742

Nichodemus MIDDLETON, Respondent, v. DAVID A. CANTLEY CONSTRUCTION, and State Farm Fire and Casualty, Appellants.

(293 S. E. (2d) 311)

*Grimball, Cabaniss, Vaughan& Guerard,* Charleston, for appellants.

*Walter M. Bailey, Jr.,* Summerville, *for respondent.*

June 28, 1982.

LEWIS, Chief Justice:

The sole question involved in this Workmen's Compensation case is whether the claimant-respondent was a covered employee of Cantley Construction (Cantley) under the provisions of the South Carolina Workmen's Compensation Act (1976 Code Section 42-1-130). Appeal is from an order of the lower court affirming a finding of the Industrial Commission that Cantley and its carrier were estopped to deny coverage to respondent. We affirm.

Respondent, a carpenter, was engaged at the time of his injury in framing single family dwellings for Cantley and had been so engaged for about eight (8) months. He described the work routine as follows: on a typical morning he met his crew of men (whom he had recruited and supervised) at the work site; working hours were flexible, but weekend work and overtime would be performed at Cantley's direction; all materials were supplied by Cantley, but the workers supplied their own tools; respondent had the responsibility to see that the framing was accomplished, subject to changes by Cantley and frequent daily inspections (including spot corrections) by Cantley personnel; both respondent and Cantley could discharge the workers.

Payment was made by Cantley to respondent on a footage basis by check each week from which respondent paid the other workers. When issuing these checks Cantley withheld five percent of the gross amount of each check and advised respondent that this deduction was being applied for Workmen's Compensation insurance. Apparently the deductions were not so applied.

Under these facts, respondent was a covered employee of Cantley on either of two grounds: (1) he was an employee (not

independent contractor) of Cantley under the controlling case of *Chavis v. Watkins*, 256 S. C. 30, 180 S. E. (2d) 648: and , (2) irrespectively, Cantley and its carrier are estopped to deny coverage under the holding of *Ham v. Mullins Lumber Company*, 193 S. C. 66, 7 S. E. (2d) 712.

Judgment is affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., concur.

HARWELL, J., disqualified.