22202

Diane EADDY, Respondent, v. William L. (Billy) EADDY, Appellant.
(324 S. E. (2d) 70)

Supreme Court

*Stebe Wukela, Jr.,* Florence, *for appellant.*

*Jan L. Warner* and *Dixon Lee, III,* Sumter, *for respondent.*

Heard Dec. 11, 1984.

Decided Dec. 20, 1984.

LITTLEJOHN, Chief Justice:

In this divorce action, the appellant-husband, William L. Eaddy, contests the jurisdiction of the Family Court and its award of lump-sum alimony and equitable distribution to the respondent-wife, Diane Eaddy.

The husband contends that Article III, § 14 of the Constitution of South Carolina precludes service of process upon him because he was, at the time of the service of the Summons, a member of the General Assembly which was in session. Article III, § 14 provides:

> The members of both houses shall be protected in their persons and estates during their attendance on, going to and returning from the General Assembly, and ten days previous to the sitting and ten days after the adjournment thereof. But these privileges shall not protect any member who shall be charged with treason, felony or breach of the peace.

The Summons, Complaint and Rule to Show Cause were served on the husband in Columbia on February 16, 1982. In response to the Rule to Show Cause, he appeared in court at a temporary hearing, on February 23, 1982, *pro se* and objected to the court's exercise of jurisdiction over him. He was concerned with the political effect of the charges made. The judge agreed to seal the record to prevent press coverage and then asked him if he objected to proceeding with the hearing for temporary relief. The husband responded, "No." The trial judge conducted the temporary hearing at which he testifed and ordered *pendente lite* support to the wife. There was no appeal from that Order.

On July 26, 1982, through his attorney, the husband filed an Answer to the Complaint. On October 1, 1982, he moved for dismissal of the action asserting "... that the court does not have jurisdiction of the person ..." because of the constitutional provision. Though not included in the written motion, it was orally argued that the court had neither personal nor subject matter jurisdiction. The motion was denied. The motion was denied because he had waived all objections by appearing and voluntarily participating in the proceedings. That ruling and Order was appealed. However the case proceeded to trial on the merits.

Both the Order overruling the jurisdiction question and the

Order determining the merits of the Complaint have been appealed and are before us. The Order, on its merits, granted the wife a divorce and ordered that the husband pay lump-sum alimony and equitable distribution of the property to the wife.

The husband, on appeal, asserts that the court had neither *in personam* nor subject matter jurisdiction. We disagree.

*In personam* jurisdiction may be waived; subject matter jurisdiction may not be waived and the issue may be raised at any stage of the proceeding.

Article III, § 14 exempts members of the General Assembly from process while in session and ten days prior to the sitting and ten days after adjournment. *See, Worth v. Norton,* 56 S. C. 56, 33 S. E. 792 (1899); *Tillinghaust & Arthur v. Carr,* 4 McCord 152 (1827). An exemption or privilege from service of civil process is regarded as a personal privilege or exemption which may be and generally is waived if not claimed at the proper time by the person in whose favor it runs. 62 Am. Jur. (2d), *Process,* § 156.

Here, the husband plainly waived any right to protection he had, afforded by the constitutional provision.

He participated freely and voluntarily and subjected himself to cross-examination. Several other hearings were held between February 23 and October 1, 1982 in which he participated. The argument alleging that the provision deals with subject matter jurisdiction is without merit.

The other issues concern the award of lump-sum alimony and equitable distribution. We have reviewed the record and hold that the trial judge did not abuse his discretion and all other exceptions are dismissed under our Rule 23.

Affirmed.

NESS and GREGORY, JJ., and JASPER M. CURETON and C. TOLBERT GOOLSBY, JR., as Acting Associate Justices, concur.