0370

Levern Melvin EADDY, Mae Bell Melvin, Administratix of Estate of Levern Melvin Eaddy, Respondent, v. A. J. METLER HAULING & RIGGING COMPANY, and Reliance Insurance Company, Appellants.

(325 S. E. (2d) 581)

Court of Appeals

*Willcox, Hardee, McLeod, Buyck & Baker,* Florence, *for appellants.*

*Leonard B. Burgess,* Kingstree, *for respondent.*

Heard Nov. 20, 1984.

Decided Jan. 17, 1985.

SHAW, Judge:

This appeal involves a worker's compensation claim. Levern Melvin Eaddy died when he accidentally drove a truck off a mountain road. Appellant A. J. Metler Hauling & Rigging Company leased the truck Eaddy was driving from its employer, Coward Farm Center, Inc., to transport a load of steel. Respondent Mae Bell Melvin, the administratrix of Eaddy's estate, filed this claim with the Industrial Commission. A single commissioner granted worker's compensation benefits based on the lent employee doctrine. His decision was upheld by the full Commission and affirmed by the circuit court. We affirm.

S. C. Code Ann. Section 1-23-380(g)(5) (1976 & Supp. 1983) establishes courts can reverse or modify administrative decisions if the findings are "[c]learly erroneous in view of the ... substantial evidence on the whole record." This standard of judicial review applies to appeals from the Industrial Commission. *Lark v. Bi-Lo,* 276 S. C. 130, 276 S. E. (2d) 304 (1981).

The record shows Coward leased its employee Eaddy and a truck to Metler to transport steel from Georgetown, South Carolina, to Scottsdale, Pennsylvania. Coward was to receive seventy-five percent of the total transportation charges and pay Eaddy; Metler was to receive twenty-five percent. Since Coward's trucks are not licensed to operate in interstate commerce, the load was being transported under Metler's Interstate Commerce Commission license. Metler exercised control over Eaddy during the period of the lease and could terminate him; Eaddy received his orders specifying destination and time of arrival from Metler.

As a general rule, if an employer lends his employee to a second employer, and if the employee is under the control of the second employer, the employee is considered employed by the second employer. *Brownlee v. Charleston Motor Express Co., Inc.,* 189 S. C. 204, 200 S. E. 819

(1939). The Supreme Court has adopted a three-part test to determine the applicability of the lent employee doctrine to worker's compensation cases. " 'When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if (a) The employee has made a contract of hire, express or implied, with the special employer; (b) The work being done is essentially that of the special employer; and (c) The special employer has the right to control the details of the work.' " *DeBerry v. Coker Feight Lines*, 234 S. C. 304, 108 S. E. (2d) 114 (1959) (quoting 1C Larson, *Larson's Workmen's Compensation Law* Section 48 (1952)).

The first part of the *DeBerry* test is satisfied if the lent employee consents to the special employment relationship. *Feldmann v. Dot Delivery Service*, 425 S. W. (2d) 491 (Mo. App. 1968). Eaddy's consent can be inferred from his acceptance of Metler's control. The second part of the test is met if the special employer benefits from the work. *Heigel v. Wilson Freight Co.*, 60 App. Div. (2d) 712, 400 N.Y.S. (2d) 873 (1977). According to the trip lease, Metler was to benefit by receiving twenty-five percent of the total transportation charges. Whether the third part of the test is satisfied is determined by looking to "(1) direct evidence of right to or exercise of control, (2) method of payment, (3) furnishing of equipment and (4) right to fire." *Chavis v. Watkins*, 256 S. C. 30, 180 S. E. (2d) 648 (1971). The record contains direct evidence Metler exercised direct control over Eaddy and gave his orders specifying destination and time of arrival.

On the record before it, the Commission could reasonably find Eaddy was a lent employee of Metler. Therefore, the judgment of the circuit court is correct.

Affirmed.

GOOLSBY, J., concurs.

CURETON, J., concurs in result only.