24265

SOUTH CAROLINA WORKERS' COMPENSATION COMMISSION and
Ray Chewning, Jr., Respondents v. RAY COVINGTON REALTORS,
INC. and South Carolina Uninsured Employers' Fund, Defendants. Of
whom Ray Covington Realtors, Inc., is Appellant.

(459 S.E. (2d) 302)

Supreme Court

*Benjamin C. Wofford,* Columbia, *for appellant.*

*Robert J. Sheheen* and *John W. Rabb, Jr.*, both of *Savage, Royall & Sheheen,* Camden, *for respondent Ray Chewning, Jr.*

*Kelly J. Golden,* of *South Carolina Workers' Compensation Com'n,* Columbia, *for respondent South Carolina Workers' Compensation Com'n.*

Heard Nov. 3, 1994.

Decided July 3, 1995; Reh. Den. July 31, 1995.

FINNEY, Justice:

This is a workers' compensation appeal. Respondent Chewning was a real estate salesman with appellant Ray Covington Realtors when he was seriously injured in a car accident. The two issues before the Court are whether Chewning was appellant's employee or an independent contractor, and whether the accident occurred within the scope of Chewning's employment. The single commissioner, full commission, and circuit court all found for Chewning on both issues. We hold that Chewning was an independent contractor and reverse.

The novel issue presented by this case is whether a real estate salesperson is his broker's employee or an independent contractor.[1] This is a fact-specific determination reached by applying certain general principles. *Young v. Warr,* 252 S.C. 179, 165 S.E. (2d) 797 (1969). The general test is whether the alleged employer has "the right and authority to control and direct the particular work or undertaking, as to the manner or means of its accomplishment." *Id.* Since this is a jurisdictional question, this Court can take its own view of the preponderance of the evidence. *Wilson v. Georgetown County,* 316 S.C. 92, 447 S.E. (2d) 841 (1994); *Kirksey v. Assurance Tire Co.,* 314 S.C. 43, 443 S.E. (2d) 803 (1994).

The facts surrounding appellant and Chewning's relationship are undisputed. Appellant supplied Chewning with a desk and business forms, but Chewning did not need appel-

---

[1] After the accident in this case, the law was amended to provide that real estate salespersons are exempt from worker's compensation law under certain circumstances. S.C. Code Ann. § 42-1-375 (effective April 24, 1990).

lant's approval for listing agreements. Chewning had to pay for his own advertising, for his multiple listing books, and for his own errors and omissions insurance. All proceeds from any sale Chewning made were given to appellant, who then gave Chewning his commission. On most Wednesdays, Chewning was required to attend a staff meeting, and on some weekends he was asked to host an open house. Other than that, he made his own schedule, and did not need approval to take time off. He received neither paid vacation days nor paid sick leave. Chewning was not paid unless he earned a commission, and nothing was withheld from his check. At the end of the year, Chewning received a form 1099 rather than a W-2 from appellant. With appellant's knowledge, Chewning sold car phones on the side. Chewning testified that appellant could fire him if he wanted to.

In determining the control issue, this Court has looked at four factors: (1) direct evidence of the right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire. *S.C. Industrial Comm'n v. Progressive Life Ins. Co.*, 242 S.C. 547, 131 S.E. (2d) 694 (1963). Two South Carolina cases have determined that insurance agents were employees, not independent contractors, and provide the closest analogy to this case. *Progressive Life, supra;* and *Carter's Dependents v. Palmetto State Life Ins. Co.*, 209 S.C. 67, 38 S.E. (2d) 905 (1946). The facts of these cases are distinguishable, and support our conclusion that Chewning was not appellant's employee but rather an independent contractor.

Unlike Chewning, the insurance agents in *Progressive Life* and *Carter's Dependents* worked defined territories, had to meet sales quotas set by their employers, and had taxes and/or insurance withheld from their paychecks. While appellant supplied Chewning with business forms and office space, it required him to purchase certain materials necessary for the performance of his work and any advertising for the properties he listed, as well as his own liability insurance. In contrast, the insurance agents were supplied with both office space and all materials needed for conducting their business. Applying the first three factors from *Progressive Life*, the right or exercise of control, method of payment, and the furnishing of equipment, we find they all weigh in favor of find-

ing Chewning an independent contractor, rather than employee. While the fourth factor, the right to fire, weighs here in favor of a finding that Chewning is an employee, the fact that Chewning believed appellant could fire him is not inconsistent with appellant's right to terminate the independent contractor relationship. The dispositive question is appellant's "right and authority to control and direct [Chewning's] particular work or undertaking, as to the manner or means of its accomplishment." *Young v. Warr, supra.* The record is clear that Chewning determined the hours he conducted his real estate business and the manner in which he did so, without direction or control by appellant. Chewning was an independent contractor.

In light of our holding that Chewning was an independent contractor and not an employee, we need not address the scope of employment issue. The decision below is

Reversed.

CHANDLER, C.J., and TOAL, MOORE and WALLER, JJ., concur.