2453

William Edward SPIVEY, Appellant v. D.G. CONSTRUCTION
COMPANY and Wausau Insurance Company, Respondents.

(467 S.E. (2d) 117)

Court of Appeals

*S. Randall Hood, McMehan & Associates*, Lancaster, *for appellant.*

*Robert J. Reeves, Maupin, Taylor, Ellis & Adams*, Rock Hill, *for respondents.*

Submitted Nov. 6, 1995.·

Filed Jan. 22, 1996; Reh. Den. Feb. 22, 1996.

HEARN, Judge:

This is a workers' compensation appeal. Appellant William Spivey was working with respondent D.G. Construction Company on November 23, 1992, when he sustained serious injuries after he fell from a ladder. The issue is whether Spivey was D.G. Construction Company's employee and therefore entitled to workers' compensation benefits. The single commissioner, affirmed by the full commission and the circuit court, found Spivey was not an employee of D.G. Construction.

Spivey appeals. We reverse and remand.[1]

Initially, we address the standard of review to be applied in this case. The circuit court applied the substantial evidence standard as described in *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). The existence of the employer-employee relationship, however, is a jurisdictional question. *South Carolina Workers' Compensation Comm'n v. Ray Covington Realtors, Inc.*, 318 S.C. 546, 459 S.E. (2d) 302 (1995); *Wilson v. Georgetown County*, 316 S.C. 92, 447 S.E. (2d) 841 (1994); *Vines v. Champion Bldg. Products*, 315 S.C. 13, 431 S.E. (2d) 585 (1993); *Chavis v. Watkins*, 256 S.C. 30, 180 S.E. (2d) 648 (1971). If the factual issue before the commission involves a jurisdictional question, as here, the appellate court is not bound by the commission's findings of fact, and can take its own view of the preponderance of the evidence on that issue. *Id.*

An award will not be made under our Workers' Compensation Act unless an employment relationship existed at the time of the alleged injury. *McLeod v. Piggly Wiggly Carolina Co.*, 280 S.C. 466, 313 S.E. (2d) 38 (1984). Whether an individual is an employee or an independent contractor is a fact-specific determination reached by applying certain general principles. *S.C. Workers' Compensation Comm'n v. Ray Covington Realtors, Inc.*, 318 S.C. 546, 548, 459 S.E. (2d) 302, 303 (1995) *quoting Young v. Warr*, 252 S.C. 179, 165 S.E. (2d) 797 (1969). The general test is whether the alleged employer has "the right and authority to control and direct the particular work or undertaking, as to the manner or means of its accomplishment." *Id.* There are four factors to determine the right of control. They are: (1) direct evidence of the right or exercise of control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire. *S.C. Workers' Compensation Comm'n v. Ray Covington Realtors, Inc.*, 318 S.C. 546, 548, 459 S.E. (2d) 302, 303 (1995); *Tharpe v. G.E. Moore Co.*, 254 S.C. 196, 200, 174 S.E. (2d) 397, 399 (1970).

South Carolina's policy is to resolve jurisdictional doubts in favor of the inclusion of employers and employees under the Workers' Compensation Act. *Horton*

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

*v. Baruch,* 217 S.C. 48, 59 S.E. (2d) 545 (1950). It is undisputed Daniel Gravitt, D.G. Construction's owner, hired Spivey during the summer of 1992 to work at various jobs for him. In November, he instructed him to report to the Star Paper Tube Company in Rock Hill to assist in creating storage space on an inner roof. Gravitt explained to Spivey exactly what needed to be done and told him how to complete the work. D.G. Construction paid Spivey $8.00 per hour. Spivey was not required to provide his own tools to perform any work for D.G. Construction. In fact, all tools and equipment necessary to perform work-related activity were provided by D.G. Construction. Finally, Gravitt had the right to fire him if his work was not done satisfactorily.

From our view of the preponderance of the evidence, all four factors set forth in *Tharpe v. G.E. Moore,* 254 S.C. 196, 174 S.E. (2d) 397 (1970) were present in this case. The single commissioner, as affirmed by the full commission and the circuit court, rather than considering these four factors, focused on a conversation between Gravitt and Spivey following the accident wherein Gravitt suggested the two get their "story straight" and tell the insurance company Spivey worked as a subcontractor. Spivey testified he agreed to this because he thought it would help Gravitt since Gravitt didn't take out any taxes on Spivey. While credibility of witnesses is always relevant in making factual determinations, we do not believe this admitted deception by Spivey, at Gravitt's urging, alters the evidence concerning the employee-employer relationship between Spivey and D.G. Construction Company. Rather, Spivey's willingness to accede to Gravitt's wishes on this point supports our view that Gravitt clearly possessed the right and authority to control Spivey.

Moreover, Spivey's failure to complete any type of employment application, tax documents or withholding forms is not dispositive of the issue. The employment relationship is contractual in character; however, no formality is required. The contract may be oral or written, and also may be implied from conduct of the parties. It is enough if the circumstances show unequivocally that the parties recognize the relationship. *Alewine v. Tobin Quarries, Inc.,* 206 S.C. 103, 33 S.E. (2d) 81 (1945).

After a careful review of the record, we hold Spivey was an employee of D.G. Construction and therefore is entitled to workers' compensation benefits. Accordingly, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

SHAW and CONNOR, JJ., concur.