498 S.E.2d 650

James LAKE, Respondent,

v.

REEDER CONSTRUCTION CO., Employer, and South
Carolina Workers' Compensation Uninsured
Employers' Fund, Defendants,

Of Whom the South Carolina Worker's Compensation
Uninsured Employer's Fund is, Appellant.

No. 2790.

Court of Appeals of South Carolina.

Submitted Feb. 3, 1998.

Decided Feb. 17, 1998.

Rehearing Denied April 23, 1998.

Pope Brooks Shealy, Jr., of S.C. Second Injury Fund, Columbia, for Appellant.

Wm. Chad Bettis and Judson F. Ayers, both of Ayers, Smithdeal and Bettis, Greenwood, for Respondent.

ANDERSON, Judge:

In this Workers' Compensation case, the South Carolina Workers' Compensation Uninsured Employers' Fund (the Fund) appeals the Circuit Court's affirmance of the Workers' Compensation Commission's order awarding benefits to James Lake (Lake) and holding he was an employee of Reeder Construction Company on the date of his injury. We affirm.[1]

## FACTS/PROCEDURAL BACKGROUND

In 1983, Billy Ray Reeder, owner of Reeder Construction Company, hired Lake to work as a carpenter. According to Reeder, he considered Lake his foreman and "righthand [sic] man." In November of 1993, Reeder Construction began framing a house for Steven Huskey. Beginning with the construction of the Huskey house, Reeder paid all of his employees in cash. While working on the Huskey house, Lake gave four of his co-workers a ride in his car to and from work on a daily basis.

At times, Lake and the other employees were unable to work a full week due to weather conditions. In order to receive partial compensation on such occasions, Lake, pursuant to Reeder's request, would frequently fill out "Low Earnings and Partial Claim Report" forms for himself and the other employees. Reeder instructed Lake to sign Reeder's name to the forms. According to Lake, he filled out and signed these forms on a regular basis with Reeder's approval. Lake would then file the forms with the Employment Security Commission.

---

1. Because oral argument would not aid the Court in resolving the Issues, we decide this case without oral argument.

An employee with the Employment Security Commission returned the forms for the week of December 18, 1993. The employee informed Reeder the signature of the employer on the forms was not his and that he was required to sign the forms. Reeder told Lake to start bringing the forms to him and he would sign them.

On January 5, 1994, Lake drove four of his fellow employees to the job site. On that same morning Lake, while walking out of the basement door of the Huskey house, was injured when a large piece of lumber fell from a scaffold and hit him on the left arm and shoulder. Reeder drove Lake to the emergency room immediately after the accident. He told Lake he would pay his medical bills. However, Reeder paid none of Lake's medical bills.

The morning following Lake's injury, Reeder phoned Lake and asked him if he was going to drive to work the crew members that usually rode with him to the job site. Lake told Reeder he was in pain and did not go to work that day.

Steven Huskey observed Lake working on several occasions during the time Reeder Construction was building his house. He was not present when Lake was injured. Huskey testified he knew Lake was working for Reeder regularly until the time of the accident.

Reeder claimed he fired Lake in December of 1993 for signing Reeder's name to a "Low Earnings and Partial Claim Report." Reeder claimed he always signed the blank forms. He maintained he authorized Lake to fill out the forms but not to sign them.

Reeder said Lake did not work for him after he received the December 18 "Low Earnings and Partial Claim Report," which he thought was probably returned to him around Christmas of 1993. Lake, however, denied he had ever been fired or otherwise terminated by Reeder.

Reeder claimed the only reason Lake was at the Huskey house on the day of the accident was to get a form signed. He did not know why Lake was in the basement of the house. Lake arrived at the Huskey job site at 8:00 a.m. Reeder stated that, although Lake drove four of Reeder Construction's crew members to work on the day of the injury, Lake

was not working for Reeder Construction on that date. When asked if Lake was "doing any carpentry work for Reeder" on the date of the accident, Reeder answered, "I don't think so." Reeder admitted he drove Lake to the emergency room and offered to pay his medical bills.

Lake filed a Form 50 alleging that on January 5, 1994, he sustained an injury to his shoulder arising out of and in the course of his employment with Reeder Construction. Because Reeder Construction was operating without Workers' Compensation insurance, the Fund became a party to the action. The Fund filed a Form 51 denying the claim. Specifically, the Fund averred Lake was not an employee of Reeder Construction at the time of his injury. Additionally, the Fund contended the filing of "Low Earnings and Partial Claim Report" forms revealed Lake did not actually work the day in question.

The Single Commissioner awarded Workers' Compensation benefits to Lake. The Commissioner found Lake was an employee of Reeder Construction on January 5, 1994, and sustained an injury by accident arising out of and in the course of his employment. The Full Commission unanimously affirmed the Single Commissioner's order. The Circuit Court affirmed the Full Commission.

## ISSUES

I.  Did the trial court err in finding Lake was an employee of Reeder Construction at the time of his injury?

II.  Did the trial court err in applying the substantial evidence standard of review in determining whether Lake was an employee of Reeder Construction at the time of the accident?

## STANDARD OF REVIEW

■ Judicial review of a Workers' Compensation decision is governed by the substantial evidence rule of the Administrative Procedures Act. *Wilson v. Georgetown County*, 316 S.C. 92, 447 S.E.2d 841 (1994). However, when the Commission's jurisdiction is at issue, the reviewing court is not bound by the Commission's findings of fact upon which jurisdiction is dependent. *Id.*

The existence of the employer-employee relationship is a jurisdictional question. *Glass v. Dow Chem. Co.*, 325 S.C. 198, 482 S.E.2d 49 (1997); *South Carolina Workers' Compensation Comm'n v. Ray Covington Realtors, Inc.*, 318 S.C. 546, 459 S.E.2d 302 (1995); *Wilson, supra; Vines v. Champion Bldg. Products,* 315 S.C. 13, 431 S.E.2d 585 (1993); *Givens v. Steel Structures, Inc.*, 279 S.C. 12, 301 S.E.2d 545 (1983); *Canady v. Charleston County Sch. Dist.*, 265 S.C. 21, 216 S.E.2d 755 (1975); *Chavis v. Watkins,* 256 S.C. 30, 180 S.E.2d 648 (1971); *Spivey v. D.G. Constr. Co.,* 321 S.C. 19, 467 S.E.2d 117 (Ct.App.1996). If the factual issue before the Full Commission involves a jurisdictional question, this Court's review is governed by the preponderance of the evidence standard. *Vines, supra. See also Kirksey v. Assurance Tire Co.,* 314 S.C. 43, 443 S.E.2d 803 (1994) (this Court can find facts in accordance with preponderance of evidence when determining jurisdictional question in Workers' Compensation case); *Canady, supra* (in determining whether Commission had jurisdiction of claim presented, this Court is not bound by finding of fact by Commission; this Court, and Circuit Court, has both power and duty to review entire record and find therefrom jurisdictional facts, without regard to conclusion of Commission on such issue, and will decide jurisdictional question in accord with preponderance of evidence); *Sanders v. Litchfield Country Club,* 297 S.C. 339, 377 S.E.2d 111 (Ct.App.1989) (where jurisdictional issue is raised, this Court must review record and make its own determination whether preponderance of evidence supports Commission's factual findings bearing on that issue).

■■■■ On appeal from the Workers' Compensation Commission, this Court may reverse where the decision is affected by an error of law. *Stephen v. Avins Constr. Co.,* 324 S.C. 334, 478 S.E.2d 74 (Ct.App.1996); S.C.Code Ann. § 1–23–380(A)(6) (Supp.1997). The question of subject matter jurisdiction is a question of law. *Bridges v. Wyandotte Worsted Co.,* 243 S.C. 1, 132 S.E.2d 18 (1963); *Bargesser v. Coleman Co.,* 230 S.C. 562, 96 S.E.2d 825 (1957); *Roper Hosp. v. Clemons,* 326 S.C. 534, 484 S.E.2d 598 (Ct.App.1997). An injured worker's employment status, as it affects jurisdiction, is a matter of law for decision by the court and includes the findings of fact which relate to jurisdiction. *Bridges, supra;*

*Wheeler v. Morrison Machinery Co.,* 313 S.C. 440, 438 S.E.2d 264 (Ct.App.1993).

Lack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised *sua sponte* by the court. *Ex Parte Reichlyn,* 310 S.C. 495, 427 S.E.2d 661 (1993); *Eaddy v. Eaddy,* 283 S.C. 582, 324 S.E.2d 70 (1984); *Bunkum v. Manor Properties,* 321 S.C. 95, 467 S.E.2d 758 (Ct.App.1996). The burden rests on the appellant to show the Circuit Court's decision is against the preponderance of the evidence. *Chavis, supra; Crim v. Decorator's Supply,* 291 S.C. 193, 352 S.E.2d 520 (Ct.App.1987).

## *LAW/ANALYSIS*

█ The Fund argues the trial court erred in finding Lake was an employee of Reeder Construction at the time of his injury because the record reveals a preponderance of the evidence to the contrary. The Fund further contends the trial court erred in applying the substantial evidence standard to determine the jurisdictional question whether Lake was employed by Reeder Construction at the time of his accident.

█ A Workers' Compensation award will not be made unless an employment relationship existed at the time of the alleged injury for which the claim is made. *Spivey v. D.G. Constr. Co.,* 321 S.C. 19, 467 S.E.2d 117 (Ct.App.1996); *McLeod v. Piggly Wiggly Carolina Co.,* 280 S.C. 466, 313 S.E.2d 38 (Ct.App.1984). *See also Dawkins v. Capitol Constr. Co.,* 250 S.C. 406, 158 S.E.2d 651 (1967) (before provisions of Workers' Compensation Act can apply, employer-employee relationship must exist; this is initial fact to be established). The Workers' Compensation Act is to be given liberal construction, with doubts of jurisdiction resolved in favor of inclusion of employees within Workers' Compensation coverage. *O'Briant v. Daniel Constr. Co.,* 279 S.C. 254, 305 S.E.2d 241 (1983); *White v. J.T. Strahan Co.,* 244 S.C. 120, 135 S.E.2d 720 (1964); *Pyett v. Marsh Plywood Corp.,* 240 S.C. 56, 124 S.E.2d 617 (1962); *Horton v. Baruch,* 217 S.C. 48, 59 S.E.2d 545 (1950).

Because the issue in the case *sub judice* is jurisdictional, this Court has the power and duty to review the record and decide the jurisdictional facts in accordance with the prepon-

derance of the evidence. *See Glass v. Dow Chem. Co.*, 325 S.C. 198, 482 S.E.2d 49 (1997); *South Carolina Workers' Compensation Comm'n v. Ray Covington Realtors, Inc.*, 318 S.C. 546, 459 S.E.2d 302 (1995).

Adverting to the record, we conclude by the preponderance of the evidence Lake was an employee of Reeder Construction on the date in question. We reject Reeder Construction's assertion the "Low Earnings and Partial Claim Report" forms negate an employment relationship. To the contrary, the forms merely show compensation received for "low earning" weeks supplementing the actual money received by the employee.

■ In affirming the Full Commission, the trial court determined substantial evidence supported the Commission's finding Lake was an employee of Reeder Construction at the time of his injury. The Circuit Court applied the substantial evidence standard enunciated in *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981). This was error.

In stating its grounds on appeal from the Full Commission, the Fund asserted the Commission "erred in affirming the Order of the Single Hearing Commissioner . . . in finding that the claimant was an employee of the employer on January 5, 1994, the error being that the *reliable, substantive and probative evidence* in the record indicates that the claimant was not employed by the employer on January 5, 1994." (emphasis added) The Circuit Court determined the jurisdictional issue applying the standard of review requested by the Fund.

## CONCLUSION

■ The trial court erred in applying a substantial evidence standard of review rather than a preponderance standard. However, such error was harmless. A review of the record under preponderance of the evidence standard supports the finding Lake was an employee of Reeder Construction at the time of his injury. The order of the Circuit Court affirming the award of benefits by the Full Commission is

**AFFIRMED.**

HUFF and HOWARD, JJ., concur.