THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT 
 SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED 
 BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Leo Gefre and Ellen Gefre, Appellants,
v.
Donald Skelton and Robert Skelton d/b/a Creative Candles,
Defendants/Third Party Plaintiffs,
v.
Travelers Property and Casualty Insurance Company and Charter Oak Fire 
 Insurance Company, Third Party Defendants,
Of Whom Donald Skelton and Robert Skelton d/b/a/ Creative Candles are 
 the, Respondents.
 
 
 

Appeal From Georgetown County
 Paula H. Thomas, Circuit Court Judge

Unpublished Opinion No. 2004-UP-347
Submitted April 6, 2004  Filed May 
 25, 2004

AFFIRMED

 
 
 
Thomas J. Rubillo, of Georgetown, for Appellants.
Gene McCain Connell, Jr., of Surfside Beach, for Respondents.
 
 
 

PER CURIAM:  Leo and Ellen Gefre brought 
 this action against Donald Skelton and Robert Skelton asserting causes of action 
 for negligence, assault, battery, intentional infliction of emotional distress, 
 wrongful discharge, and negligent supervision. [1]   The circuit court granted summary 
 judgment in favor of Robert Skelton as to all of the claims brought against 
 him.  The Gefres appeal.  We affirm.
FACTS
Both Leo and Ellen Gefre, husband and wife, were 
 employed at Creative Candles, a candle-making shop owned and operated by Robert 
 Skelton in Pawleys Island, South Carolina.  The claims raised by the Gefres 
 in this case stem from an alleged altercation at the candle shop between Leo 
 Gefre and Robert Skeltons son, Donald Skelton. 
While working at the shop in May 1999, Leo Gefre 
 claims he was beaten and choked by Donald Skelton.  Following the assault, the 
 Gefres sought assurances from Robert Skelton that his son would not be allowed 
 to return to Creative Candles in order to prevent further threat of physical 
 violence.  Receiving no satisfactory assurances, the Gefres did not return to 
 work at the candle shop. 
The Gefres subsequently brought suit against Donald 
 Skelton alleging common-law assault and battery as well as intentional infliction 
 of emotional distress.  Robert Skelton d/b/a Creative Candles was also included 
 in the suit under additional causes of action for negligence, negligent supervision, 
 and wrongful discharge.
On Donald and Robert Skeltons motion for summary 
 judgment, the circuit court dismissed the causes of action against Robert Skelton 
 as owner of Creative Candles on the ground that the claims were precluded by 
 the exclusive remedy provision of the Workers Compensation Act (Act). S.C. 
 Code Ann. § 42-1-540 (1985).  Specifically, the court found that these claims 
 fell within the purview of the Act because Donald Skelton was a fellow employee 
 with the Gefres at the Creative Candles shop. 
STANDARD OF REVIEW
A trial court should grant a motion for summary 
 judgment when the pleadings, depositions, answers to interrogatories, and admissions 
 on file, together with the affidavits, if any, show that there is no genuine 
 issue as to any material fact and that the moving party is entitled to a judgment 
 as a matter of law. Rule 56(c), SCRCP; see Fleming v. Rose, 350 
 S.C. 488, 493, 567 S.E.2d 857, 860 (2002) (Summary judgment is appropriate 
 when there is no genuine issue of material fact such that the moving party must 
 prevail as a matter of law.).  In determining whether any triable issues of 
 fact exist, the evidence and all inferences which can be reasonably drawn from 
 the evidence must be viewed in the light most favorable to the nonmoving party. 
 Strother v. Lexington County Recreation Commn, 332 S.C. 54, 61, 504 
 S.E.2d 117, 121 (1998).  If triable issues of fact exist, those issues must 
 go to the jury. Young v. South Carolina Dept of Corr., 333 S.C. 714, 
 717, 511 S.E.2d 413, 415 (Ct. App. 1999).
DISCUSSION
I.
The Gefres claim the circuit court erred 
 in finding their claims against Robert Skelton as the owner and manager of Creative 
 Candles for injuries resulting from Donald Skeltons alleged attack were barred 
 by the Workers Compensation Act.  The Gefres argue they were not limited to 
 the remedies allowed under the Act because Donald Skelton was not an employee 
 of Creative Candles.  We disagree.   
            Section 42-1-540 provides:

 
The rights and remedies granted 
 by this Title to an employee when he and his employer have accepted the provisions 
 of this Title, respectively, to pay and accept compensation on account of personal 
 injury or death by accident, shall exclude all other rights and remedies of 
 such employee, his personal representative, parents, dependents or next of kin 
 as against his employer, at common law or otherwise, on account of such injury, 
 loss of service or death.
 

S.C. Code Ann. § 42-1-540 (1985).
As this case was decided by the circuit 
 court on the narrow question of whether Donald Skelton was an employee, our 
 review of the facts is confined to determining whether that employer-employee 
 relationship existed between Donald Skelton and his father. [2]   Whether or not an employer-employee relationship 
 exists is a jurisdictional question.  Nelson v. Yellow Cab Co., 349 
 S.C. 589, 594, 564 S.E.2d 110, 112 (2002).  Because the issue involves determining 
 proper jurisdiction, this Court must take its own view of the preponderance 
 of the evidence in our analysis of whether Donald Skelton was employed at the 
 candle shop.  Id.  It is South Carolinas policy to resolve jurisdictional 
 doubts in favor of the inclusion of employers and employees under the Workers 
 Compensation Act.  Id.  
The Act defines employee as those 
 persons engaged in an employment under any appointment, contract of hire, or 
 apprenticeship, expressed or implied, oral or written . . . .  S.C. Code Ann. 
 § 42-1-130 (Supp. 2003).  In applying the definition of employee provided under 
 the Act, this Court has previously opined: The employment relationship is contractual 
 in character; however, no formality is required.  The contract may be oral or 
 written, and also may be implied from conduct of the parties.  It is enough 
 if the circumstances show unequivocally that the parties recognize the relationship.  
 Spivey v. D.G. Const. Co., 321 S.C. 19, 22, 467 S.E.2d 117, 119 (Ct. 
 App. 1996).           
In determining whether an employer-employee relationship 
 exists for purposes of the Workers Compensation Act, our courts have examined 
 the employers right to control.  That is, the determination of employee status 
 depends on whether the putative employer has a right to control and direct the 
 particular details of the putative employees work.  Nelson, 349 S.C. 
 at 594, 564 S.E.2d at 113; see Young v. Warr, 252 S.C. 179, 189, 
 165 S.E.2d 797, 802 (1969) (The general test applied is that of control by 
 the employer.  It is not the actual control then exercised, but whether there 
 exists the right and authority to control and direct the particular work or 
 undertaking, as to the manner or means of its accomplishment.); 82 Am. Jur. 
 2d Workers Compensation § 123 (2003) (commenting that [i]t has been 
 said that in a workers compensation case, the ultimate question in finding 
 an employment relationship is whether the employer assumes the right to control 
 the times, manner and method of executing the work of the employee).  
Though these determinations depend on the specific 
 facts of each case, our courts generally look to four factors in examining an 
 employers degree of control: (1) direct evidence of the right or exercise of 
 control; (2) payment and method of payment; (3) furnishing major items of equipment; 
 and (4) the right to terminate the employment relationship at will and without 
 liability.  Dawkins v. Jordan, 341 S.C. 434, 439, 534 S.E.2d 700, 703 
 (2000).
Our review of the factual circumstances 
 concerning Robert Skeltons right to control the method and manner which Donald 
 Skelton worked at the candle shop leads us to agree with the circuit courts 
 conclusion that there is no material dispute of the facts concerning whether 
 Donald Skelton was an employee.  There was direct evidence presented of Robert 
 Skeltons right and exercise of control of his sons activities at work.  Both 
 Robert Skelton and Ellen Gefre testified that Donald would take instructions 
 relating to his work duties directly from his father.  Donald worked approximately 
 twenty hours per week and was paid $1,000 to $1,300 per month.  Donald worked 
 primarily in the candle-making factory portion of the business where all of 
 the equipment required to make candles was provided for him.  There is no evidence 
 that Donalds employment was on any terms other than strictly at-will employment.  
 Furthermore, Leo and Ellen Gefre both testified in their depositions that Donald 
 Skelton was an employee.  They also stated in their responses to the defendants 
 discovery requests that Robert Skelton was Donalds employer.
A consideration of these facts supports the conclusion 
 that each of the four indicia of control identified by our courts is present 
 in the circumstances of Donald Skeltons work for his father.  We conclude therefore 
 that there is no genuine issue of material fact regarding whether Donald Skelton 
 was an employee under the Workers Compensation Act.  As such, the Gefres 
 claims against Robert Skelton are precluded by the exclusive remedy provision 
 of the Act as a matter of law.
II.
The Gefres argue the circuit court improperly 
 dismissed their claim for wrongful discharge.   The court, however, did not 
 specifically address this issue in its order granting partial summary judgment.  
 Despite this omission, the Gefres did not petition the court for a ruling by 
 way of a motion to alter or amend judgment pursuant to Rule 59(e), SCRCP.  As 
 such, this issue is not preserved for our review.  See Wilder Corp. 
 v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding that [i]t 
 is axiomatic that an issue cannot be raised for the first time on appeal, but 
 must have been raised to and ruled upon by the trial judge to be preserved for 
 appellate review); see also Noisette v. Ismail, 304 S.C. 
 56, 58, 403 S.E.2d 122, 124 (1991) (finding issue was not preserved where the 
 trial judge did not explicitly rule on the appellants argument and the appellant 
 did not raise the issue in a Rule 59(e), SCRCP, motion to alter or amend the 
 judgment).
CONCLUSION
We find no error with the circuit courts ruling 
 that the Gefres claims stemming from injuries caused by Donald Skeltons alleged 
 assault and battery were barred by the exclusive remedy provision of the Workers 
 Compensation Act.  The Gefres claim for wrongful discharge was not preserved 
 for appellate review.  The courts grant of summary judgment in favor of Robert 
 Skelton is therefore
 AFFIRMED. 
HUFF and STILWELL, JJ., and CURETON, AJ., 
 concur.

 
 
 [1]    Ellen Gefre also alleged causes of action for loss of consortium 
 and negligent infliction of emotional distress. 

 
 
 [2]    The parties do not appear to dispute that the causes of action 
 against Robert Skelton, with the exception of wrongful discharge, come within 
 the purview of the Act if an employee-employer relationship exists.  See 
 Loges v. Mack Trucks, Inc., 308 S.C. 134, 136, 417 S.E.2d 538, 540 
 (1992) (Recovery under the Act is the exclusive means of settling personal 
 injury claims which come under the Act.).