**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Virendra Puniyani, Deceased Employee, and Rajkumari Puniyani, Claimant, Respondents,

v.

Avni Grocers, Employer, and South Carolina Uninsured Employers' Fund, Carrier, Defendants,

of whom South Carolina Uninsured Employers' Fund, Carrier, is the Appellant.

Appellate Case No. 2013-000412

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-050
Heard December 9, 2014 – Filed January 28, 2015

**AFFIRMED**

Margaret Mary Urbanic, of Clawson & Staubes, LLC, of Charleston, for Appellant.

John S. Nichols, of Bluestein Nichols Thompson & Delgado, LLC, of Columbia; and Jarrel L. Wigger, of

Wigger Law Firm, of North Charleston, both for Respondents.

---

**PER CURIAM:**  In this appeal from the circuit court, the South Carolina Uninsured Employers' Fund (the Fund) argues the circuit court erred in reversing the Workers' Compensation Commission's (the Commission) decision to deny benefits to Ms. Rajkumari Puniyani (Claimant), the mother of Virendra Puniyani. The Fund argues the circuit court erred in finding (1) substantial evidence in the record supported the conclusion that Avni Grocers (Employer) was subject to the Workers' Compensation Act (the Act) and (2) Mr. Harendra Pal's affidavit was admissible as newly discovered evidence.  We affirm.

1.  As a preliminary matter, Claimant argues this court lacks jurisdiction over Judge Hill's order because the Fund did not attach the order with its notice of appeal.  We find the Fund's appeal of Judge Nicholson's final order grants this court jurisdiction over Judge Hill's interlocutory order.  *See Charleston Lumber Co. v. Miller Hous. Corp.*, 318 S.C. 471, 478, 458 S.E.2d 431, 435-36 (Ct. App. 1995) (rejecting the respondent's attempt to have the appeal dismissed on jurisdictional grounds when the appellants neglected to appeal one of a series of cases tried together).

2.  As an additional preliminary matter, Claimant argues the Fund waived the right to argue the Commission lacked jurisdiction under the Act by failing to file a Form 51, 53, or 58 prior to the hearing before Commissioner Huffstetler.  We find the Fund did not waive the right to argue the Commission lacked jurisdiction because subject matter jurisdiction can be raised at any time.  *See Lake v. Reeder Constr. Co.*, 330 S.C. 242, 248, 498 S.E.2d 650, 653 (Ct. App. 1998) ("Lack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised *sua sponte* by the court." (citations omitted)).

3.  As to whether Judge Hill erred in reversing the Appellate Panel's finding that the record did not contain evidence that Employer regularly employed four or more employees so as to be subject to the Act, we find Judge Hill properly concluded that—based on a preponderance of the evidence—Employer was subject to the Act by employing more than four employees.  *See* S.C. Code Ann. § 42-1-360 (Supp. 2013) (stating an employer is subject to the Act if it employs four or more employees in the same business within the state); *Hernandez-Zuniga v. Tickle*, 374 S.C. 235, 244, 647 S.E.2d 691, 695 (Ct. App. 2007) ("Our precedent lucidly

establishes that an appellate court reviews jurisdictional issues by making its own findings of fact without regard to the findings and conclusions of the Appellate Panel." (citations omitted)); *id.* at 243, 647 S.E.2d at 695 ("A reviewing court has both the power and duty to review the entire record, find jurisdictional facts without regard to conclusions of the Commission on the issue, and decide the jurisdictional question in accord with the preponderance of evidence." (citations omitted)); *id.* ("Workers' compensation statutes are construed liberally in favor of coverage, and South Carolina's policy is to resolve jurisdictional doubts in favor of the inclusion of employees within workers' compensation coverage." (citations omitted)).

4.  Because we find the circuit court properly concluded Employer was subject to the Act, we do not reach the question of whether the circuit court erred in finding Mr. Harendra Pal's affidavit was admissible as newly discovered evidence. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding appellate courts need not address remaining issues when determination of a prior issue is dispositive).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**